09-0897-ag
Pranata v. Holder

BIA
A 096 266 278

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand nine.

PRESENT:
>       PIERRE N. LEVAL,
>       BARRINGTON D. PARKER,
>       RICHARD C. WESLEY,
>               *Circuit Judges.*

_____

KINTORO PRANATA,
>       *Petitioner,*

>       v.                                    09-0897-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          H. Raymond Fasano, New York, New York.

**FOR RESPONDENT:**          Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Achiezer Guggenheim, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Kintoro Pranata, a native and citizen of Indonesia, seeks review of the February 5, 2009 order of the BIA denying his motion to reopen. *In re Kintoro Pranata*, No. A 096 266 278 (B.I.A. Feb. 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). We find that the BIA did not abuse its discretion in denying Pranata's motion to reopen as untimely. As the BIA noted, it had issued a final order of removal in May 2005, but Pranata did not file his

2

motion until September 2008, well beyond the 90-day deadline. *See* 8 C.F.R. § 1003.2(c)(2). There is no time limit for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, however, the BIA properly found that Pranata's motion did not qualify for such an exception, and that he did not otherwise demonstrate his prima facie eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

Pranata argues that our decision in *Mufied v. Mukasey*, 508 F.3d 88 (2d Cir. 2007), requires the BIA to articulate precise legal standards for analyzing whether a petitioner has established a pattern or practice of persecution in his or her home country. As a preliminary matter, Pranata's reliance on *Mufied* does not excuse his late filing, as the regulations do not provide that an untimely motion to reopen may be excused on these grounds. 8 C.F.R. § 1003.2(c)(3)(ii), Furthermore, in *Mufied*, we remanded because neither the Immigration Judge ("IJ") nor the BIA

3

considered Mufied's pattern or practice claim.  *Mufied*, 508 F.3d at 91.  Here, on the other hand, the BIA directly addressed the claim, finding that Pranata failed to establish materially changed country conditions "with respect to this issue of a pattern or practice of persecution of Christians of Chinese ethnicity or any other ethnicity in Indonesia." Accordingly, remand under *Mufied* is not required here.

 Pranata also argues that the BIA did not adequately consider his evidence of materially changed country conditions in Indonesia.  Contrary to Pranata's argument, the BIA considered the evidence, including 53 documents, 8 exhibits, an affidavit, and a State Department Report, before rejecting Pranata's claim.  The BIA noted that "the government of Indonesia generally respects freedom of religion," citing the 2007 State Department International Religious Freedom Report for Indonesia.  The BIA also found that the remaining evidence Pranata submitted did not reflect a meaningful change in country conditions.  Pranata is essentially requesting that the BIA analyze and discuss in its decision each piece of evidence he submitted. However, the BIA is not required to "expressly parse or

refute on the record each individual argument or piece of evidence offered by the petitioner," *see Jian Hui Shao*, 546 F.3d 138, 169 (2d Cir. 2008), as long as it "has given reasoned consideration to the petition, and made adequate findings." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). Because we cannot find that the BIA's decision "provide[d] no rational explanation, inexplicably depart[ed] from established policies, is devoid of any reasoning, or contains only summary or conclusory statements," the BIA did not abuse its discretion in denying Pranata's motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

5